IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRELL O'NEAL,

    Plaintiff,                    No. CIV S-07-2578 MCE GGH P

  vs.

SGT. VOONG, et al.,

    Defendants.          <u>ORDER</u>

_____/

       Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

       Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

       Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected

and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff alleges that he has a chrono for a lower bunk due to a seizure disorder.

1  Plaintiff claims that defendants Voong, Carrol, Foster, Olivio, Gant, Solorzano, Garrett and Ross
2  forced him to sleep in an upper bunk in disregard of his medical needs.  Plaintiff claims that he
3  fell and hurt himself.  The complaint states a colorable claim for relief against these defendants
4  pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).

5  Plaintiff alleges that defendants Schwartz, Crawford, Veal, Piazza, Cry and
6  Grannis conspired to cover-up the illegal acts of the other defendants.  Plaintiff alleges that these
7  defendants failed to investigate his claims, apparently during the administrative appeal process.

8  Defendants sued in their individual capacity must be alleged to have: personally
9  participated in the alleged deprivation of constitutional rights; knew of the violations and failed
10 to act to prevent them; or implemented a policy that repudiates constitutional rights and was the
11 moving force behind the alleged violations.  Larez v. City of Los Angeles, 946 F.2d 630, 646
12 (9th Cir. 1991); Hansen v. Black, 885 F.2d 642 (9th Cir. 1989); Taylor v. List, 880 F.2d 1040
13 (9th Cir. 1989).  "Although a § 1983 claim has been described as 'a species of tort liability,'
14 Imbler v. Pachtman, 424 U.S. 409, 417, 96 S. Ct. 984, 988, 47 L. Ed. 2d 128, it is perfectly clear
15 that not every injury in which a state official has played some part is actionable under that
16 statute."  Martinez v. State of California, 444 U.S. 277, 285, 100 S. Ct. 553, 559 (1980).
17 "Without proximate cause, there is no § 1983 liability."  Van Ort v. Estate of Stanewich, 92 F.3d
18 831, 837 (9th Cir. 1996).

> The search, which was performed in accordance with this constitutionally valid strip search policy, was subsequently ratified by the School Board when Mr. Williams filed a grievance. Therefore, Williams' only grasp at evoking municipal liability under § 1983 is to show that this subsequent ratification is sufficient to establish the necessary causation requirements. Based on the facts, the Board believed Ellington and his colleagues were justified in conducting the search of Williams. There was no history that the policy had been repeatedly or even sporadically misapplied by school board officials in the past. Consequently, the School Board cannot be held liable for the ratification of the search in question, because this single, isolated decision can hardly constitute the "moving force" behind the alleged constitutional deprivation.

26 Williams v. Ellington, 936 F.2d 881, 884-885 (9th Cir. 1991).

This court is unwilling to adopt a rule that anyone involved in adjudicating grievances after the fact is per se potentially liable under a ratification theory.  However, this is not to say that persons involved in adjudicating administrative disputes, or persons to whom complaints are sometimes made can never be liable under a ratification theory.  If, for example, a reviewing official's rejections of administrative grievances can be construed as an automatic whitewash, which may have led other prison officials to have no concern of ever being reprimanded, a ratifying official may be liable for having put a defective policy in place.

The complaint contains no allegations suggesting that the rejection of plaintiff's administrative appeals was an automatic whitewash.  Rather, plaintiff alleges in a conclusory fashion that these defendants conspired with the other defendants by failing to adequately investigate plaintiff's claims.  These vague and conclusory allegations do not suggest a whitewash.  Accordingly, the claims against these defendants are dismissed with leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

1  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
2  original complaint, each claim and the involvement of each defendant must be sufficiently
3  alleged.
4              Accordingly, IT IS HEREBY ORDERED that:
5              1.  Plaintiff's request to proceed in forma pauperis is granted;
6              2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
7  The fee shall be collected and paid in accordance with this court's order to the Director of the
8  California Department of Corrections and Rehabilitation filed concurrently herewith.
9              3.  Plaintiff's claims against defendantsSchwartz, Crawford, Veal, Piazza, Cry and
10 Grannis are dismissed for the reasons discussed above, with leave to file an amended complaint
11 within thirty days from the date of service of this Order.  Failure to file an amended complaint
12 will result in a recommendation that these defendants be dismissed from this action.
13             4.  Upon filing an amended complaint or expiration of the time allowed therefor,
14 the court will make further orders for service of process upon some or all of the defendants.
15 DATED: 01/09/08

/s/ Gregory G. Hollows

_____
UNITED STATES MAGISTRATE JUDGE

on2578.b1