IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRELL O'NEAL,

        Plaintiff,                      No. CIV S-07-2578 MCE GGH P

    vs.

SGT. VOONG, et al.,

        Defendants.          <u>ORDER</u>

_____/

        Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

        On December 29, 2008, plaintiff filed a motion for a ninety day extension of time to respond to all deadlines. For the following reasons, this motion is denied.

/////

1

On July 15, 2008, defendants filed a motion to dismiss. Plaintiff did not file a timely opposition. Instead, on October 16, 2008, plaintiff filed a request for extension of time. Plaintiff stated that on August 3, 2008, he was released from California State Prison–LA and had since been admitted to the Sacramento County Mental Health Center three times. On November 10, 2008, the court granted plaintiff's October 16, 2008, request for extension of time and ordered his opposition to the motion to dismiss due within thirty days.

On December 2, 2008, the November 10, 2008, order was returned unserved. On December 29, 2008, the court re-served this order. On December 29, 2008, plaintiff filed the pending request for extension of time. Plaintiff alleges that due to his mental instability, he was unaware of any deadlines. Plaintiff states that he can now "defend" himself now that he is housed in state prison.

While plaintiff's recent mental health and housing status has been volatile, the court cannot indefinitely delay resolution of this action and defendants' motion to dismiss. The court will grant plaintiff an additional thirty days to file his opposition to defendants' motion. If plaintiff is unable to prosecute this action, he may consider voluntarily dismissing this action.

Accordingly IT IS HEREBY ORDERED that:

1. Plaintiff's December 29, 2008 motion for the appointment of counsel (no. 21) is denied.

2. Plaintiff's December 29, 2008, motion for extension of time (no. 22) is granted in part; plaintiff is granted thirty days from the date of this order to file an opposition to defendants' motion to dismiss.

DATED: January 12, 2009

/s/ Gregory G. Hollows
_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:mp
onea2578.31(2)