IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRELL O'NEAL,

Plaintiff, No. CIV S-07-2578 MCE GGH P

vs.

SGT. VOONG, et al.,

Defendants.

ORDER AND

FINDINGS AND RECOMMENDATIONS

_______________________________/

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is the motion to dismiss filed July 15, 2008, on behalf of defendants Voong, Carroll, Olivio and Foster. After two extensions of time, plaintiff filed his opposition on February 11, 2009. On February 18, 2009, defendants Gant, Solorzano, Garrett and Ross filed a motion to join the motion to dismiss.

For the following reasons, the court orders that defendants' motion is granted in part and recommends that it be denied in part.

LEGAL STANDARD FOR MOTION TO DISMISS

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative

level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S. Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S. Ct. 1843, 1849, reh'g denied, 396 U.S. 869, 90 S. Ct. 35 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256, 114 S.Ct. 798, 803 (1994), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).

The court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).

/////

/////

DISCUSSION

*Plaintiff's Allegations*

This action is proceeding on the original complaint filed December 3, 2007.

Plaintiff alleges that while housed at the California Medical Facility, he was moved to a top bunk despite having a medical chrono for a lower bunk. He later fell from the top bunk and hurt himself. Plaintiff alleges that defendant Foster failed to determine if plaintiff was medically cleared before moving plaintiff to the top bunk. Plaintiff alleges that defendant Carroll called him a nigger and told plaintiff that if he filed an administrative grievance about having been placed in a top bunk, he would make sure that plaintiff always was assigned to a top bunk.

Plaintiff alleges that while housed at California State Prison-L.A. County, defendants Gant and Solorzano used verbal threats to force him to a top bunk. Plaintiff told defendant Garrett that being on the top bunk made him afraid for his safety. Defendant Garrett ignored his safety concerns.

Plaintiff alleges that he told defendant Ross that he was being moved to a top bunk for a third time. Plaintiff alleges that defendant Ross threatened to beat him up if he continued to raise the issue.

*Legal Standard for Eighth Amendment Claim*

In order to state a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976). To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendants possessed a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 299, 111 S. Ct. 2321, 2324 (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand). The requisite state of mind for a medical claim is "deliberate indifference." Hudson v. McMillian, 503 U.S. 1, 4, 112 S. Ct. 995, 998 (1992).

\\\\\

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.  Indications that a prisoner has a serious need for medical treatment are the following:  the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.  See, e.g., Wood v. Housewright, 900 F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01 (9th Cir. 1989).  McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

In Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970 (1994) the Supreme Court defined a very strict standard which a plaintiff must meet in order to establish "deliberate indifference."  Of course, negligence is insufficient.  Farmer, 511 U.S. at 835, 114 S. Ct. at 1978.  However, even civil recklessness (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should be known) is insufficient.  Id. at 836-37, 114 S. Ct. at 1979.  Neither is it sufficient that a reasonable person would have known of the risk or that a defendant should have known of the risk.  Id. at 842, 114 S. Ct. at 1981.

It is nothing less than recklessness in the criminal sense – subjective standard – disregard of a risk of harm of which the actor is actually aware.  Id. at 838-842, 114 S. Ct. at 1979-1981.  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Id. at 837, 114 S. Ct. at 1979.  Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  Id. at 847, 114 S. Ct. at 1984.  "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm."  Id. at 842, 114 S. Ct. at 1981.  If the risk was obvious, the trier of fact may infer that a defendant knew of the risk.  Id. at 840-42, 114 S. Ct. at 1981.  However, obviousness per se will not impart knowledge as a matter of law.

Also significant to the analysis is the well established principle that mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation. Jackson v. McIntosh, 90 F.3d 330 (9th Cir. 1996); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

Moreover, a physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989). A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. Id.

Additionally, mere delay in medical treatment without more is insufficient to state a claim of deliberate medical indifference. Shapley v. Nevada Bd. of State Prison Com'rs, 766 F.2d 404, 408 (9th Cir. 1985). Although the delay in medical treatment must be harmful, there is no requirement that the delay cause "substantial" harm. McGuckin, 974 F.2d at 1060, citing Wood v. Housewright, 900 F.2d 1332, 1339-1340 (9th Cir. 1990) and Hudson, 112 S. Ct. at 998-1000. A finding that an inmate was seriously harmed by the defendant's action or inaction tends to provide additional support for a claim of deliberate indifference; however, it does not end the inquiry. McGuckin, 974 F.2d 1050, 1060 (9th Cir. 1992). In summary, "the more serious the medical needs of the prisoner, and the more unwarranted the defendant's actions in light of those needs, the more likely it is that a plaintiff has established deliberate indifference on the part of the defendant." McGuckin, 974 F.2d at 1061.

*Analysis*

Defendants first move to dismiss on grounds that the documentary evidence attached to the complaint demonstrates that they did not act with deliberate indifference to plaintiff's serious medical needs when they moved him to the upper bunk. Defendants refer to the first level appeal response responding to plaintiff's administrative appeal regarding his transfer to the upper bunk. This response states that on January 9, 2004, plaintiff was interviewed by defendant Carroll regarding the incident at the California Medical Facility.

Complaint, p. 13 of 25.  Defendant Carroll asked plaintiff if he had informed staff that he had a lower bed chrono.  Id.  Plaintiff replied, "I did not want to get a write up for refusing the move so I just moved.  No, I did not tell any staff I had a lower bunk chrono."  Id.

The court notes that the complaint does not state that at the time of the transfer plaintiff informed defendants that he had a lower bunk chrono.  However, in his opposition filed February 11, 2009, plaintiff alleges that defendants Foster, Voong and Olivio ignored him when he told them that he had a lower bunk chrono.  Opposition, p. 2, ¶ 3.  Plaintiff does not address the fact that attached to the complaint as an exhibit is a document stating that he admitted that he did not tell staff that he had a lower bunk chrono at the time of the move.

If plaintiff told defendants that he had a lower bunk chrono and they moved him to an upper bunk, the court would find that he had stated a colorable Eighth Amendment claim.  However, if plaintiff did not tell defendants that he had a lower bunk chrono, the court would find no colorable Eighth Amendment claim.  Accordingly, as to defendants Voong, Carroll, Olivio and Foster, defendants' motion to dismiss is granted as to the claim that plaintiff should not have been put in the top bunk because he has presented contradictory evidence regarding what, if anything, he told defendants about his lower bunk chrono.  In the amended complaint, plaintiff must clarify this matter and address the administrative grievance stating that he did not tell defendants about the chrono.

Defendants also move to dismiss on grounds that they are entitled to qualified immunity on grounds that plaintiff failed to tell them that he had a lower bunk chrono.  Because the court is granting plaintiff leave to amend to clarify what he told defendants, the court need not address the qualified immunity argument.

Although not addressed in defendants' motion, the court finds that plaintiff may be stating a retaliation claim against defendant Carroll based on his threat to have plaintiff permanently placed in an upper bunk if he pursued an administrative grievance.  A retaliation claim must allege the following: "(1) An assertion that a state actor took some adverse action

against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir.2005).

Plaintiff alleges that he was placed in a top bunk again at California State Prison-Los Angeles by defendant Carroll in retaliation for pursuing his administrative grievance. Plaintiff is, in essence, alleging a conspiracy between defendant Carroll, located at the California Medical Facility, and the other defendants located at California State Prison-Los Angeles. Plaintiff has alleged no specific factual allegations in support of this claim. Because this claim is not adequately pled, it is dismissed.

Plaintiff may also be stating a claim against defendant Carroll based on his alleged use of a racial slur. While use of this slur is highly offensive, it does not state a colorable constitutional claim. Oltarzewski v. Riggiero, 830 F.2d 136, 139 (9th Cir. 1987) (verbal harassment or abuse alone is not sufficient to state a colorable constitutional claim).

Defendants' motion to dismiss does not address the claims against defendants Gant, Garrett, Solorzano and Ross. For this reason, the motion to dismiss as to these defendants should be denied.

CONCLUSION

The claims against defendants Voong, Carroll, Olivio and Foster are dismissed with thirty days to file an amended complaint. If plaintiff does not file an amended complaint within that time, defendants Gant, Garrett, Solorzano and Ross shall file a response to the original complaint within twenty days thereafter.

If plaintiff files an amended complaint, he is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See

Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

On February 11, 2009, plaintiff filed a motion for the appointment of counsel. On January 12, 2009, the court denied plaintiff's December 29, 2008, motion for appointment of counsel. For the reasons stated in the January 12, 2009, order, plaintiff's February 11, 2009, motion for appointment of counsel is denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's February 11, 2009, motion for appointment of counsel (no. 25) is denied;

2. Defendants' July 15, 2008, motion to dismiss (no. 14) is granted with leave to amend as to the claims against defendants Voong, Carroll, Olivio and Foster; plaintiff is granted thirty days from the date of this order to file an amended complaint; defendants' response to the amended complaint or, if appropriate, original complaint if no amended complaint is filed, is due twenty days thereafter; and

IT IS HEREBY RECOMMENDED that defendants' July 15, 2008, motion to dismiss (no. 14) be denied as to the claims against defendants Gant, Garrett, Solorzano and Ross.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised

\\\\\

\\\\\

that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 24, 2009

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

on2578.mtd